Rec 133295
York

ORIGINAL
Summons issued
w m/c att
N/c to atty

J. Rambo
Mag J. Smyser
Mag Rep.

1:CV 01- 285

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. WOJEWODZKI | : | **FILED** |
| | : No. | HARRISBURG, PA |
| v. | : | |
| | : Civil Action | FEB 1 4 2001 |
| CONSOLIDATED FREIGHTWAYS, INC. | : Jury Trial Demanded | MARY E. D'ANDREA, CLERK |
| | | Per _____ Deputy Clerk |

### COMPLAINT

And now, comes the Plaintiff, by his counsel, Markowitz & Krevsky, P.C., and files the following Complaint:

1. Plaintiff Richard C. Wojewodzki is an adult individual residing at Box 86, Emigsville PA 17318.

2. Defendant Consolidated Freightways, Inc. is a California corporation with a place of business at 1 Carolina Way, Carlisle PA 17013.

3. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

4. Jurisdiction exists pursuant to 28 U.S.C. §1331 and 29 U.S.C. §626(c)(1).

5. Jurisdiction over the claim is appropriate because Plaintiff filed a claim with the Equal Employment Opportunity Commission on February 22, 2000. More than 60 days have lapsed since the date of filing.

6. Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because the claim arose in this judicial district.

7. Plaintiff was born on January 15, 1943.

8. Defendant employed Plaintiff commencing in April, 1972.

9. In approximately 1987, Plaintiff was promoted to the position of Assistant Terminal Manager.

10. Plaintiff's work performance at all times relevant hereto was consistent with Defendant's legitimate expectations.

11. On August 27, 1999, without explanation, Plaintiff was removed from the Assistant Terminal Manager position and placed in a position in Norristown, Pennsylvania for approximately a week, then in Philadelphia, Pennsylvania, and then in York, Pennsylvania.

12. On December 6, 1999, Plaintiff was formally demoted to a Freight Operations Manager at the York, Pennsylvania terminal.

13. When Defendant removed Plaintiff from his job and demoted him, they reassigned Plaintiff's job and/or duties to substantially younger persons.

14. Plaintiff was demoted from his job at age 56.

15. Age was a motivating factor and but for Plaintiff's age, Defendant would not have demoted Plaintiff.

16. Said discrimination on the basis of age was willfully and knowingly done by the Defendant.

17.     As a direct and proximate result of the age discrimination by Defendant, Plaintiff has suffered a loss of back pay, benefits, incidental expenses, front pay, and benefits should reinstatement prove impractical.

18.     Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. §626(b) because of Defendant's willful violation of the Age Discrimination in Employment Act.

19.     Plaintiff is entitled to pre-judgment interest as a result of Defendant's violation of the Age Discrimination in Employment Act.

20.     Plaintiff is further entitled to his reasonable costs and attorneys fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays:

1.      For back pay and benefits,

2.      For incidental expenses,

3.      For reinstatement or in the alternative front pay,

4.      For liquidated damages,

5.      For pre-judgment interest,

6.      For costs and attorneys fees,

7. For any other relief this Court deems just and equitable.

Respectfully submitted,

MARKOWITZ & KREVSKY P.C.

By: _____
Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O. Box 392
York PA 17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072