


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. WOJEWODZKI, | : | CIVIL ACTION NO. 1:CV 01-285 |
| Plaintiff | : | |
| v. | : | JUDGE SYLVIA H. RAMBO |
| CONSOLIDATED FREIGHTWAYS, INC., | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**CONSOLIDATED FREIGHTWAYS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS AMENDED MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

Consolidated Freightways Corporation of Delaware (hereinafter "CF"), through its attorneys, hereby submits its Memorandum of Law in Support of Its Motion to Dismiss or, Alternatively, Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) or 56(b).

I. **INTRODUCTION**

Plaintiff alleges that CF demoted him on August 27, 1999, because of his age. **Compl. ¶¶ 11, 15.** Plaintiff also alleges that CF reassigned his former duties to "substantially younger persons." **Compl. ¶ 13.** Based on these allegations, Plaintiff asserts claims under the Age Discrimination in Employment Act ("ADEA"). CF now moves for the dismissal of Plaintiff's complaint or, alternatively, for summary judgment.

II. **UNDISPUTED MATERIAL FACTS**

CF incorporates its Statement of Undisputed Material Facts (referenced as "Facts, at ___") herein as if set forth here in full.

## III. ARGUMENT

### A. Legal Standard For Motion to Dismiss/Summary Judgment

Fed. R. Civ. P. 12(b)(6) provides for dismissal of claims for a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluation such a claim, a court must presume the truth of all well pleaded facts alleged in the complaint, but it need not accept as true legal conclusions or unwarranted factual inferences. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 908 n.8 (3d Cir. 1997). Fed. R. Civ. P. 12(b) also provides:

> [I]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provide in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Summary judgment is mandated when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Federal Rule of Civil Procedure 56 mandates the entry of summary judgment against a party who fails to offer admissible evidence sufficient to establish the existence of every element essential to that party's case on which that party bears the burden of proof. Celotex Corp v. Catrett, 477 U.S. 317, 327 (1986) (the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a

1-HA/93910.1

whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'") (citation omitted). A defendant is not required to negate plaintiff's claim; rather, it only must point out that there is an absence of evidence to support plaintiff's case or, alternatively, offer affirmative evidence that demonstrates that plaintiff cannot prove his case. Lawrence v. National Westminster Bank N.J., 98 F.3d 61, 69 (3d Cir. 1996). After a defendant meets its initial burden, a plaintiff must present competent evidence designating "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (citation omitted). To survive a summary judgment motion, therefore, the non-moving party must come forward with specific and admissible evidence supporting each element essential to that party's case; mere conclusory allegations or denials are not enough. Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).

**B.    Plaintiff's ADEA Claim Fails Because He Was Not Replaced By A Substantially Younger Person.**

In order to establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must demonstrate that: (1) he was over 40 at the time of the adverse employment action; (2) he was qualified for the position in question; (3) despite his qualifications he was subjected to the adverse employment action; and (4) the employer ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination. See Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 300 (3d Cir. 1995). CF does not, at this time dispute that Plaintiff has satisfied the first three criteria. It is the last prong that Plaintiff cannot satisfy.

In O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308 (1996), the Supreme Court held that:

> In our view, however, the proper solution to the problem lies . . . in recognizing that the *prima facie* case requires "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion . . . ." **In the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger.** Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination . . .

O'Connor, 517 U.S. at 312-13 (internal citation omitted) (emphasis in original). The Supreme Court did not define the phrase "substantially younger," however, leaving that determination to the district and appellate courts.

The Court of Appeals for the Third Circuit ("Third Circuit"), in Narin v. Lower Merion School District, 206 F.3d 323 (3d Cir. 2000), addressed a case similar to the instant case and examined the meaning of the phrase "substantially younger." In Narin, the Plaintiff alleged that the defendant School District violated the ADEA by hiring younger candidates. The Plaintiff in Narin was 56 years old at the time he sought a position with the defendant. The Defendant chose two other candidates to fill the positions Plaintiff sought, one of whom was 49 years old, the other 54. The district court dismissed several of the claims on summary judgment and entered judgment for the remaining claims after a jury trial. The Third Circuit upheld the lower court's decision, and, in doing so, addressed the issue of "substantially younger:"

> Moreover, we also think that as to [Plaintiff's ADEA claims] [Plaintiff] failed to establish a prima facie case of discrimination. [Defendant] hired Rita

1-HA/93910.1

4

> Lerario, age 49, and Frank Panaia, age 54, for the Count X and XI [ADEA Claims] positions. Because these individuals' ages **do not differ materially from [Plaintiff's], we cannot conclude that [Defendant] ultimately filled the Count X and XI positions with someone sufficiently younger to permit an inference of discrimination**.

Narin, 206 F.3d at 333, n.9 (emphasis added).

Here, Plaintiff alleges that his job duties were reassigned to "substantially younger persons." **Compl. ¶ 13.** However, only one person, James M. Kot, age 50, assumed Plaintiff's job duties. **Facts, at ¶¶ 1, 7-8.** Plaintiff, like the plaintiff in Narin, is 56. **Compl. ¶ 14.** In Narin, the plaintiff, in one instance, was not selected for a position in favor of a candidate seven years his junior. Here, Plaintiff was replaced by a 50 year-old. **Facts, at ¶ 7.** Consequently, it is clear that, as in Narin, the six year difference in age between Plaintiff and Mr. Kot is not a material difference in age sufficient to establish a *prima facie* case of age discrimination under the ADEA.

1-HA/93910.1

5

## IV. CONCLUSION

For the reasons set forth above, CF respectfully requests that this Court dismiss Plaintiff's complaint in its entirety or, alternatively, enter judgment in its favor.

Respectfully submitted,

*[signature]*

VINCENT CANDIELLO
G. SCOTT PATERNO
One Commerce Square
417 Walnut Street
Harrisburg, PA  17101-1904
717.237.4000

Of Counsel:

**MORGAN, LEWIS & BOCKIUS LLP**

Dated:  May 8, 2001

1-HA/93910.1

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Consolidated Freightways' Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for Summary Judgment has been served via U.S. Mail, postage prepaid, on this **8th day of May, 2001**, upon the following:

>   Lawrence L. Markowitz, Esquire
>   Markowitz & Krevsky, P.C.
>   208 E. Market Street
>   P.O. Box 392
>   York, PA  17405-0392

G. SCOTT PATERNO

1-HA/93910.1