ORIGINAL

Attorney for Plaintiff:

Lawrence S. Markowitz, Esquire
Markowitz & Krevsky P.C.
208 East Market Street
P.O. Box 392
York, PA 17405-0392

FILED
HARRISBURG, PA
MAY 1 1 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

Attorneys for Defendant

Vincent Candiello, Esquire
G. Scott Paterno, Esquire
Morgan, Lewis & Bockius LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. WOJEWODZKI, | : | CIVIL ACTION NO. 1:CV 01-285 |
| Plaintiff | : | |
| v. | : | JUDGE SYLVIA H. RAMBO |
| CONSOLIDATED FREIGHTWAYS, INC., | : | |
| Defendant | : | JURY TRIAL DEMANDED |

### JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in United States District Court for the Middle District of Pennsylvania Local Rule 16.3(a), the parties hereby submit the following Joint Case Management Plan.

1.  **Principal Issues**

    1.10    Separately for each party, please give a statement summarizing this case:

    By Plaintiff(s):

    Plaintiff was born on January 15, 1943. He began working for Defendant in April, 1972. On or about 1987, Defendant promoted Plaintiff to the position of Assistant Terminal Manager. Plaintiff performed this job well. However, on August 27, 1999, Plaintiff was placed in interim positions in other locations for several months. Finally, on December 6, 1999, Plaintiff was demoted to Freight Operations Manager at the York, Pennsylvania terminal. Plaintiff was replaced by Jim Kot and Pat Corson, both of who were sufficiently younger than Plaintiff to state a *prima facie* case of age discrimination. As a result, Plaintiff has suffered a substantial loss of pay which will also effect his pension benefit.

    By Defendant:

    Plaintiff commenced employment with Consolidated Freightways Corporation of Delaware ("CF") in April of 1972. Plaintiff, prior to his transfer from the Carlisle, Pennsylvania terminal, held the position of Assistant Terminal Manager for Linehaul Operations. Beginning on August 27, 1999, Plaintiff was transferred out of the Carlisle terminal into several interim positions before being indefinitely assigned to the York, Pennsylvania terminal as the Freight Operations Manager. Plaintiff was transferred out of his position as Assistant Terminal Manager for Linehaul Operations because he was unable to perform the duties of that job satisfactorily. His job duties were

assigned to James A. Kot, age 50. CF's decision to transfer Plaintiff out of his previous position was not based on an illegal discriminatory motive.

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

    1.11    Whether the facts alleged in the Complaint and denied by Defendant in its Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for Summary Judgment are true.

1.20    The principal <u>factual</u> issue that the parties <u>agree</u> upon are:

    1.21    The parties agree upon all express factual admissions in Defendant's Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion for Summary Judgment.

1.30    The principal <u>legal</u> issues that the parties <u>dispute</u> are:

    1.31    Whether Defendant's Motion to Dismiss Plaintiff's Complaint or, alternatively, Motion for Summary Judgment is meritorious.

    1.32    Whether Plaintiff is entitled to any or all relief claimed in his Complaint.

    1.33    Whether CF terminated Plaintiff because of his age.

1.40    The principal <u>legal</u> issues that the parties <u>agree</u> upon are:

    1.41    This Court has jurisdiction to hear a properly raised claim under the Age Discrimination in Employment Act and a related claim under the Pennsylvania Human Relations Act.

    1.42    Given the geographic locus of the facts and occurrences alleged

in the Complaint, this Court has venue to adjudicate the claims asserted.

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: **None.**

1.60 Identify any parties that have not yet been served: **None.**

1.70 Identify any additional parties that:

Plaintiff intends to join: **None at this time.**

Defendant intends to join: **None at this time.**

1.80 Identify any additional claims that:

Plaintiff intends to add: **None at this time.**

Defendant intends to add: **None at this time.**

**2.0 Alternative Dispute Resolution**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure – the Parties will consider: The Parties may consider non-binding ADR at a later date.

Date ADR to be commenced: Not applicable.

Date ADR to be completed: Not applicable.

2.20 If the parties have been unable to agree on an ADR procedure, but no one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR procedure recommended: Not Applicable.

2.30   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:  Not applicable.

**3.0**   **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:  All parties agree to jurisdiction by a magistrate judge of this Court:  ____ yes   _X_ no

The parties may consent to jurisdiction by a magistrate judge in the future.

**4.0**   **Disclosures**

4.100   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

4.101   Disclosed by Plaintiff:

<u>Name</u>                                                        <u>Title/Position</u>

4.102   Fred La Bella

4.103   Jim Kot

4.104   Pat Corson

4.105   Jeff Rice

4.106   Peter Ferguson

4.107   Bill Kudrick

4.108   Wayne Kennard

4.109   Patrick Brady

4.110   Richard Conley

   4.111 Richard Wojewodzki

4.150 Disclosed by Defendant:

Defendant has no one to disclose beyond those disclosed by Plaintiff at this time. Defendant reserves the right to disclose future individuals who may be identified during discovery.

 *Note: no titles/positions were included as the parties disagree as to job titles.

4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201 Categories of documents to be disclosed by <u>Plaintiff</u>:

  1. Plaintiff's W-2s

  2. Newspaper articles

  3. Internal memos

  4. EEO policy

  5. CF policies

  6. 1995 Benefits Handbook

  7. Shareholders reports

4.202 Categories of documents to be disclosed by <u>Defendant:</u> Without waiving the right to respond to specific discovery requests, as well as the right to produce documents in response only to formal discovery requests, Defendant discloses the following categories of documents which may be relevant to material issues in this matter:

       1.    Plaintiff's Personnel File

       2.    Mr. Kot's Personnel File

       3.    Mr. Corson's Personnel File

4.300  <u>Additional Documents Disclosures:</u>  Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:  Not applicable.

4.400  Separately for each party who claims an entitlement to damages or an offset, set forth the computation of damages or of the offset:

4.401  Plaintiff's calculation of damages:  To be determined.

4.402  Defendant's calculation of offset:  To be determined.

4.403  Counter claimant/third party claimant's calculation of damages:  Not applicable.

**5.0   Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Dismiss or Motion for Summary Judgment | Defendant | Filed |

**6.0   Discovery**

6.100  Briefly describe any discovery that has been completed or is in progress:

    By Plaintiff:  None at this time.

    By Defendant: None at this time.

6.200 Describe any <u>discovery</u> that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it: The Parties will take depositions, and serve interrogatories and requests for production of documents on each other to develop the factual bases for the prosecution and defense of the extant claims in this action; the Parties may also seek discovery from third-parties who may have material information; and the Parties may serve requests for admissions on each other to narrow the issues for resolution. Defendant intends to depose Plaintiff. Defendant reserves the right to depose other individuals who may have knowledge of relevant facts, including but not limited to, those named by Plaintiff in this Joint Case Management Plan and/or as witnesses by Plaintiff in discovery.

6.300 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: None at this time.

6.400 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation: None at this time.

6.500 For each of the following discovery tools, <u>recommend the per-party or per side limitation</u> (specify a number) that should be fixed, subject to later modifications by stipulation or court order on an appropriate showing

(where the parties cannot agree, set forth the limits recommended by plaintiff(s) and by defendant(s)).

    6.501  depositions (excluding experts) to be taken by:

        Plaintiff: _10_      Defendant: _10_

    6.502  interrogatories to be served by each:

        Plaintiff: _25_      Defendant: _25_

    6.503  document production requests to be served by each:

        Plaintiff: _25_      Defendant: _25_

    6.504  requests for admission to be served by each:

        Plaintiff: _25_      Defendant: _25_

6.600  All discovery commenced in time to be completed by: December 1, 2001

6.700  Reports from retained experts due:

Plaintiff: 70 days before the close of discovery

Defendant: 40 days before the close of discovery

6.800  Fed. R. Civ. P. 26(a)(1) and Written Discovery Request Supplementations due: 20 days before the close of discovery.

**7.0  Protective Order**

    7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order: None at this time.

    7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: None at this time.

**8.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

For Defendant:

Vincent Candiello, Esquire
Morgan, Lewis & Bockius LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904
717.237.4014 Daytime Phone

For Plaintiff:

Lawrence S. Markowitz, Esquire
Markowitz & Krevsky P.C.
208 East Market Street
P.O. Box 392
York, PA 17405-0392
717.843.2876 Daytime Phone

**9.0    Scheduling**

9.1    This case may be appropriate for trial in approximately:

_____ 240 Days from filing of the complaint

_X_ 365 Days from filing of the complaint

_____ Days from the filing of the complaint

9.2    Suggested date for the final Pretrial Conference:

February 2002

9.3    Final date for joining additional parties:

Plaintiff(s):    October 15, 2001

Defendant(s):   October 15, 2001

    9.4    Final date for amending pleadings:

            Plaintiff(s):    October 1, 2001

            Defendant(s): October 1, 2001

    9.5    All potentially dispositive motions should be filed by: December 15, 2001

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute: Defendant will be seeking a confidentiality agreement from Plaintiff because Of the sensitive nature of salary, wage, pension, and other valuation information.

**11.0 Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party:

Lead counsel for Defendant:

> Vincent Candiello, Esquire
> Morgan, Lewis & Bockius LLP
> One Commerce Square
> 417 Walnut Street
> Harrisburg, PA 17101-1904
> 717.237.4014 Daytime Phone

Lead counsel for Plaintiff:

> Lawrence S. Markowitz, Esquire
> Markowitz & Krevsky P.C.
> 208 East Market Street
> P.O. Box 392
> York, PA 17405-0392
> 717.843.2876 Daytime Phone

Respectfully submitted,

_Lawrence S. Markowitz/gmp_  5/10/01
LAWRENCE S. MARKOWITZ       Date
Attorney for Plaintiff

_Vincent Candiello/gmp_  5/10/01
VINCENT CANDIELLO       Date
Attorney for Defendant