ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD C. WOJEWODZKI : No. 1:CV 01-285
v. : (Judge Rambo)
: Civil Action
CONSOLIDATED FREIGHTWAYS, INC. : Jury Trial Demanded

FILED
HARRISBURG
MAY 29 2001
MARY E. D'ANDREA, CLERK
Per ___ DEPUTY CLERK

PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S AMENDED MOTION TO DISMISS
OR ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT

I. STATEMENT OF FACTS

Defendant has moved to dismiss this case or alternatively for summary judgment in response to Plaintiff's Complaint. Defendant's theory is that Mr. Wojewodzki cannot meet his burden of proving a prima facie case of age discrimination because he was not replaced by someone significantly younger than he. In support of Defendant's position, Defendant alleges that Mr. Wojewodzki's replacement was only six years younger than he.

Mr. Wojewodzki has raised a genuine issue of material fact by showing that his main replacement was 20 to 25 years younger than he. Moreover, the law does not require that Mr. Wojewodzki establish that he was replaced by a substantially younger worker. Accordingly, Mr. Wojewodzki files this brief in opposition to Defendant's Motion.

II. ISSUE PRESENTED

SHOULD DEFENDANT'S MOTION BE DENIED?

III. ARGUMENT

DEFENDANT'S MOTION SHOULD BE DENIED.

For purposes of this Motion, Defendant has conceded that Mr. Wojewodzki belongs to a protected class by virtue of his age, that he was qualified for his job, and that he suffered an adverse employment action. Defendant alleges that Mr. Wojewodzki was replaced by James Kot, who is only six years younger than Mr. Wojewodzki. Thus, Defendant concludes that Mr. Wojewodzki cannot prove as a matter of law that he was replaced by someone substantially younger than he.

Unfortunately for Defendant, a material factual issue exists as to who replaced Mr. Wojewodzki as Assistant Terminal Manager at Defendant's Carlisle facility. Mr. Wojewodzki concedes that Mr. Kot took over 25 percent of Mr. Wojewodzki's duties; however, Pat Corson assumed the remaining 75 percent of Mr. Wojewodzki's duties (See affidavit of Richard Wojewodzki). In support of this assertion, Mr. Wojewodzki's affidavit establishes a basis for this conclusion since Mr. Wojewodzki saw Mr. Corson working at the desk he previously occupied, working on the paperwork Mr. Wojewodzki previously completed, received phone calls from Mr. Corson seeking assistance in completing Mr. Wojewodzki's prior duties, and was told by a superior that Mr. Corson had replaced him. Since Mr. Corson is 20 to 25 years younger than Mr. Wojewodzki, a reasonable jury could conclude that Mr. Wojewodzki was replaced by someone substantially younger than he.

More importantly, though, this Court has held that a plaintiff need not show that they were replaced by someone substantially younger than them in order to prove a prima facie case. Chief Judge Vanaskie squarely dealt with this issue in Graboski v. Tammac Corp., 127 F.Supp. 2d 610, 619-621 (M.D. Pa. 2000). In that case, the plaintiff had been replaced by an employee 10 years older than he. Defendant vigorously argued that plaintiff's claim must fail because plaintiff could not show replacement by a younger worker. Chief Judge Vanaskie wrote, "I am convinced that the Third Circuit would not hold that a plaintiff must show that he or she was replaced by a younger person as part of a prima facie age discrimination case." Chief Judge Vanaskie went on to note that the Western District of Pennsylvania and the Eastern District of Pennsylvania had taken a similar position to his opinion. The court further noted:

> "Requiring a terminated plaintiff to show replacement by a younger person is a mechanistic and ritualistic approach that may serve to defeat otherwise meritorious claims. This is so because replacement of a terminated plaintiff with an individual who shares the plaintiff's protected attribute does not necessarily negate the inference that the plaintiff was unlawfully discriminated against."

For all of the above reasons, Defendant's Motion for Summary Judgment should be denied.

IV. CONCLUSION

In the instant case, a genuine issue of material fact exists as to whether Mr. Wojewodzki was replaced by a significantly younger worker. Under the case law of this District, there is no requirement that an age discrimination plaintiff prove that they were

replaced by someone substantially younger than they were. Given the above, the Court should deny Defendant's Motion and order that an Answer be filed within ten days of the filing of the Court's Opinion.

Respectfully submitted,

MARKOWITZ & KREVSKY P.C.

By: ______________________________

Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O. Box 392
York PA 17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072

CERTIFICATE OF SERVICE

AND NOW, TO WIT, this 25th of May, 2001, I, Lawrence S. Markowitz, Esquire, hereby certify that I have this date served a copy of the foregoing Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment by depositing a copy of same in the United States Mail, postage prepaid at York, Pennsylvania, addressed to counsel of record as follows:

Vincent Candiello, Esquire
G. Scott Paterno
Morgan, Lewis & Bockius LLP
417 Walnut Street
Harrisburg PA 17101

Respectfully submitted,

MARKOWITZ & KREVSKY P.C.

By:________________________

Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O.Box 392
York Pa 17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072