UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. WOJEWODZKI, | : | CIVIL NO. 1:CV-01-0285 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| CONSOLIDATED FREIGHTWAYS, INC., | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

FILED HARRISBURG, PA JUN 2 7 2001 MARY E. D'ANDREA, CLERK PER_____ DEPUTY CLERK

The plaintiff commenced this action by filing a complaint on February 14, 2001. The plaintiff claims that the defendant demoted him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.

On April 24, 2001, the defendant filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The defendant did not file a brief in support of this motion. By a separate order filed this date, that motion has been deemed withdrawn. On May 2, 2001, the defendant filed an amended motion to dismiss the complaint, or in the alternative, for summary judgment. Also on May 2, 2001, the defendant filed a statement of undisputed material facts and documents outside

the pleadings. On May 8, 2001, the defendant filed a brief in support of its motion. On May 29, 2001, the plaintiff filed a response to the defendant's statement of undisputed material facts, a brief and documents in opposition to the motion. No reply brief has been filed.

Because the parties have filed documents outside the pleadings and have treated the motion as a motion for summary judgment, we will treat the motion as a motion for summary judgment.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's

2

> case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, *supra*, 477 U.S at 325.

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the

3

non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

The following facts are undisputed for purposes of the instant motion.

The plaintiff commenced employment with the defendant in April of 1972. *Defendant's Statement of Undisputed Material Facts at ¶2 and the plaintiff's response thereto*. In August of 1999, the plaintiff was reassigned - first to the Philadelphia Terminal and then to the York Terminal. *Id.* at ¶3. At the time of his reassignment, the plaintiff was 56 years old. *Id.* at ¶4. Prior to his reassignment, the plaintiff was defendant's Assistant Terminal Manager in charge of Linehaul Operations for the Carlisle Terminal. *Id.* at ¶5.

The defendant contends that the plaintiff can not establish a *prima facie* case under the ADEA because he was not replaced by a substantially younger person. The defendant contends that James Kot, under the title of Regional Dispatch Manager, assumed plaintiff's former duties as Assistant Terminal Manager in charge of Linehaul Operations, and that Kot

was 50 years old when he assumed the plaintiff's former duties. *See Declaration of Jeff Rice* at ¶¶1-3.

The plaintiff argues that he does not need to establish that he was replaced by a substantially younger person. Moreover, the plaintiff contends that Mr. Kot took over only 25% of his former job duties, and that Pat Corson, who was in his late 20s or early 30s took over the remaining 75% of his former job duties. *Wojewodzki Affidavit* at ¶¶2-4.

"Employment discrimination claims under the . . . ADEA can be established in one of two ways: (1) by direct evidence that the employer's decision was motivated by discrimination; or (2) by indirect evidence which creates an inference of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Grabosky v. Tammac Corp.*, 127 F.Supp.2d 610, 614 (M.D.Pa. 2000). In cases in which the burden-shifting framework of *McDonnell Douglas, supra,* applies:

> [T]he plaintiff must first make a prima facie showing of discrimination. If the plaintiff cannot do so, the defendant is entitled to judgment as a matter of law. If the plaintiff does establish a prima facie case, the defendant must produce some evidence of a legitimate, nondiscriminatory reason for

5

>     the adverse employment action. Once it does
>     so, the burden remains with the plaintiff to
>     prove by a preponderance of the evidence that
>     the proffered reason was pretextual and that
>     unlawful discrimination was the real reason
>     for the employment action.

*Pivirotto v. Innovative Systems, Inc.*, 191 F.3d 344, 352 n.4 (3d Cir. 1999)(citations omitted).

The United States Court of Appeals for the Third Circuit has stated that in order to establish a *prima facie* case under the ADEA, a plaintiff must establish that he: (1) was over the age of 40; (2) was qualified for the position in question; (3) suffered an adverse employment decision; and (4) was replaced by a person sufficiently younger to permit an inference of age discrimination. *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 330 (3d Cir. 1995). The fourth element of a *prima facie* case under the ADEA has been stated to be that the plaintiff was replaced by a person sufficiently younger to permit an inference of age discrimination. *See, e.g., Narin v. Lower Merion School Dist.*, 206 F.3d 323, 331 (3d Cir. 2000). In another context, however, the Third Circuit has explicitly held that consideration of the plaintiff's replacement is not a necessary element of a *prima facie* employment discrimination case. *See Pivirotto, supra*, 191 F.3d

6

at 354 (Title VII gender discrimination plaintiff need not establish that she was replaced by another woman). In *Grabosky v. Tammac Corp.*, 127 F.Supp.2d 610, 619 (M.D.Pa. 2000), Chief Judge Vanaskie stated that a plaintiff does not necessarily need to show that he or she was replaced by a younger person as part of a *prima facie* age discrimination case. In *Grabosky*, Chief Judge Vanaskie stated that the fourth element of a *prima facie* ADEA case may be satisfied by showing that the plaintiff's position remained vacant or was filled by another person. In that case, Chief Judge Vanaskie held that the plaintiff, who was 45 years old at the time of his discharge, established a *prima facie* case under the ADEA even though his alleged replacement was 55 years old.

For purpose of this summary judgment motion, we do not have to decide whether or not as part of his *prima facie* case the plaintiff must establish that he was replaced by a person sufficiently younger to permit an inference of age discrimination. The plaintiff has presented evidence that 75% of his job duties were assumed by a person in his late 20s or early 30s. Thus, assuming *arguendo* that the plaintiff as part of his *prima facie* case must establish that he was replaced by a person sufficiently younger to permit an inference of age

discrimination, there is a genuine factual dispute on that issue. Accordingly, the defendant's motion for summary judgment should be denied.

Based on the foregoing, it is recommended that the defendant's motion (doc. 6) for summary judgment be denied and that the case be remanded to the undersigned for further proceedings.

J. Andrew Smyser
Magistrate Judge

Dated: June 27, 2001.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. WOJEWODZKI, | : | **CIVIL NO. 1:CV-01-0285** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| CONSOLIDATED FREIGHTWAYS, INC., | : | |
| Defendant | : | |

FILED
HARRISBURG PA

JUN 2 7 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

**NOTICE**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: June 27 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 27, 2001

Re:  1:01-cv-00285    Wojewodzki v. Consol Freightways

True and correct copies of the attached were mailed by the clerk
to the following:

    Lawrence S. Markowitz, Esq.
    208 East Market Street
    P.O. Box 392
    York, PA   17405-0392

    Kim M. Mingo, Esq.
    Labor & Employment Counsel
    16400 S.E. CF Way
    Vancouver, WA   98683

    Vincent Candiello, Esq.
    Morgan, Lewis & Bockius
    One Commerce Square
    417 Walnut St.
    Harrisburg, PA   17101

    G. Scott Paterno, Esq.
    Morgan, Lewis & Bockius LLP
    One Commerce Square
    417 Walnut Street
    Harrisburg, PA   17101-1904

cc:
Judge                                  (✓)           ( ) Pro Se Law Clerk
Magistrate Judge                       (✓)           ( ) INS
U.S. Marshal                           ( )           ( ) Jury Clerk
Probation                              ( )
U.S. Attorney                          ( )
Atty. for Deft.                        ( )
Defendant                              ( )
Warden                                 ( )
Bureau of Prisons                      ( )
Ct Reporter                            ( )
Ctroom Deputy                          ( )
Orig-Security                          ( )
Federal Public Defender                ( )
Summons Issued                         ( ) with N/C attached to complt. and served by:

```
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5      ( )
Order to Show Cause      ( ) with Petition attached & mailed certified mail
                              to:  US Atty Gen    ( )   PA Atty Gen    ( )
                                   DA of County   ( )   Respondents    ( )
Bankruptcy Court         ( )
Other   Order & Copys    ( )
                                                    MARY E. D'ANDREA, Clerk


DATE:  6/27/01                              BY:  _____
                                                    Deputy Clerk
```