**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. WOJEWODZKI, | : | CIVIL ACTION NO. 1:CV 01-285 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE SYLVIA H. RAMBO |
| | : | |
| CONSOLIDATED FREIGHTWAYS, INC., | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE'S ANSWER TO THE COMPLAINT

Consolidated Freightways Corporation of Delaware ("CF") (incorrectly named in the Complaint as Consolidated Freightways, Inc.), through its attorneys, hereby answers the following numbered and lettered paragraphs of the Complaint as follows:

1.  Admitted in part; denied in part. CF admits that Plaintiff is an adult individual. However, CF is without knowledge or information sufficient to form a belief as to the truth of where Plaintiff currently resides and, therefore, denies the same.

2.  Denied.

3.  Admitted in part; denied in part. CF admits that Plaintiff correctly identified a law under which his claim allegedly could arise. However, CF denies that Plaintiff's claim is valid or that Plaintiff is entitled to any of the relief he seeks.

4.  Admitted in part; denied in part. CF admits that this Court would have original jurisdiction over a claim specified in the Complaint in an appropriate action. However, CF denies that original jurisdiction is appropriate in the action brought by Plaintiff.

1-HA/95075.1

5.  Denied. CF is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

6.  Admitted on information and belief. CF admits that venue would be proper in this Court if Plaintiff was injured in this district. However, CF denies that Plaintiff's claim is valid.

7.  Admitted on information and belief.

8.  Denied as stated. CF admits that it first employed Plaintiff on April 17, 1972. Responding further, CF denies that the named defendant in this action ever employed Plaintiff.

9.  Denied as stated. CF admits that it promoted Plaintiff to the position of Assistant Terminal Manager on or about October 25, 1976.

10. Denied.

11. Admitted in part; denied in part. CF admits it removed Plaintiff from his responsibility at its Carlisle facility and assigned Plaintiff to several of its facilities including those located at Norristown, PA, Philadelphia, PA, and York, PA. CF denies the balance of the allegations contained in this paragraph of the Complaint.

12. Admitted in part; denied in part. CF admits that Plaintiff was assigned to the Freight Operations Manager at CF's York, PA terminal. CF denies the balance of allegations contained in this paragraph of the Complaint.

13. Denied.

14.  Admitted in part; denied in part. CF admits, on information and belief, that Plaintiff was 56 years old when it reassigned him to the York, PA terminal. CF denies the balance of the allegations contained in this paragraph of the Complaint.

15.  Denied.

16.  Denied.

17.  Denied.

18.  Denied.

19.  Denied.

20.  Denied.

WHEREFORE, having denied any liability, Plaintiffs are not entitled to any of the relief they demand.

## AFFIRMATIVE DEFENSES

1.  The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

Respectfully submitted,

*/s/ Vincent Candiello*
VINCENT CANDIELLO
G. SCOTT PATERNO
One Commerce Square
417 Walnut Street
Harrisburg, PA  17101-1904
717.237.4000

Of Counsel:

**MORGAN, LEWIS & BOCKIUS LLP**

Dated:  August 6, 2001

1-HA/95075.1

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Consolidated Freightways Corporation's Answer to Plaintiff's Complaint has been served via U.S. Mail, postage prepaid, on this **6th day of August, 2001**, upon the following:

>Lawrence L. Markowitz, Esquire
>Markowitz & Krevsky, P.C.
>208 E. Market Street
>P.O. Box 392
>York, PA  17405-0392

*/s/ Vincent Candiello*
VINCENT CANDIELLO