**ORIGINAL**

FILED
HARRISBURG

MAR 1 5 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD C. WOJEWODZKI :
: No. 1:CV 01-285
v. : (Judge Rambo)
: Civil Action
CONSOLIDATED FREIGHTWAYS, INC. : Jury Trial Demanded

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. STATEMENT OF FACTS

Richard Wojewodzki began his employment with Consolidated Freightways in 1972 (Wojewodzki dep. p. 11). In 1999 he was working as an Assistant Terminal Manager for Defendant at its Carlisle facility. In August 1999 Peter Ferguson and Jeff Rice transferred Mr. Wojewodzki to Norristown, Pennsylvania and then to Philadelphia. On December 6, 1999, Mr. Ferguson demoted Mr. Wojewodzki to a Freight Operations Manager in York, Pennsylvania.

Mr. Wojewodzki claims that he was replaced by Pat Corson, who was over twenty years younger than he. Defendant claims that Mr. Wojewodzki was replaced by Jim Cot who was six years younger than he. Defendant contends that they demoted Plaintiff for poor performance. Mr. Wojewodzki believes Defendant's reasons are implausible and a

cover up for age discrimination. Defendant filed its second Motion for Summary Judgment against Mr. Wojewodzki. Mr. Wojewodzki files this Brief in response to that Motion.

II.  QUESTIONS PRESENTED

    A. DOES A TRIABLE ISSUE OF FACT EXIST AS TO WHETHER DEFENDANT REPLACED PLAINTIFF WITH SOMEONE SUBSTANTIALLY YOUNGER THAN HE?

    B. COULD A REASONABLE JURY FIND THAT AGE WAS A DETERMINATIVE FACTOR IN PLAINTIFF'S DEMOTION?

III.  ARGUMENT

    A. A TRIABLE ISSUE OF FACT EXISTS AS TO WHETHER DEFENDANT REPLACED PLAINTIFF WITH SOMEONE SUBSTANTIALLY YOUNGER THAN HE?

For purposes of this Motion, Defendant has conceded that Mr. Wojewodzki belongs to a protected class by virtue of his age, that he was qualified for his job, and that he suffered an adverse employment action. Defendant alleges that Mr. Wojewodzki was replaced by James Kot, who is only six years younger than Mr. Wojewodzki. Thus, Defendant concludes that Mr. Wojewodzki cannot prove as a matter of law that he was replaced by someone substantially younger than he.

Unfortunately for Defendant, a material factual issue exists as to who replaced Mr. Wojewodzki as Assistant Terminal Manager at Defendant's Carlisle facility. Mr. Wojewodzki concedes that Mr. Kot took over 25 percent of Mr. Wojewodzki's duties; however, Pat Corson assumed the remaining 75 percent of Mr. Wojewodzki's duties (See affidavit of Richard Wojewodzki). In support of this assertion, Mr. Wojewodzki's affidavit establishes a basis for this conclusion since Mr. Wojewodzki saw Mr. Corson working at the

desk he previously occupied, working on the paperwork Mr. Wojewodzki previously completed, received phone calls from Mr. Corson seeking assistance in completing Mr. Wojewodzki's prior duties, and was told by a superior that Mr. Corson had replaced him. Since Mr. Corson is 20 to 25 years younger than Mr. Wojewodzki, a reasonable jury could conclude that Mr. Wojewodzki was replaced by someone substantially younger than he.

More importantly, though, this Court has held that a plaintiff need not show that they were replaced by someone substantially younger than them in order to prove a prima facie case. Chief Judge Vanaskie squarely dealt with this issue in Graboski v. Tammac Corp., 127 F.Supp. 2d 610, 619-621 (M.D. Pa. 2000). In that case, the plaintiff had been replaced by an employee 10 years older than he. Defendant vigorously argued that plaintiff's claim must fail because plaintiff could not show replacement by a younger worker. Chief Judge Vanaskie wrote, "I am convinced that the Third Circuit would not hold that a plaintiff must show that he or she was replaced by a younger person as part of a prima facie age discrimination case." Chief Judge Vanaskie went on to note that the Western District of Pennsylvania and the Eastern District of Pennsylvania had taken a similar position to his opinion. The court further noted:

> "Requiring a terminated plaintiff to show replacement by a younger person is a mechanistic and ritualistic approach that may serve to defeat otherwise meritorious claims. This is so because replacement of a terminated plaintiff with an individual who shares the plaintiff's protected attribute does not necessarily negate the inference that the plaintiff was unlawfully discriminated against."

For all of the above reasons, Defendant's Motion for Summary Judgment should be denied.

## B. A REASONABLE JURY COULD FIND THAT AGE WAS A DETERMINATIVE FACTOR IN PLAINTIFF'S DEMOTION?

For purposes of this Motion, Mr. Wojewodzki will concede that Defendant can articulate legitimate non-discovery reasons for its actions. Thus, to overcome summary judgment, "a plaintiff need only demonstrate such weaknesses, implausibilities, inconsistencies, incoherences or contradictions in the employer's proffered legitimate reason for its action that a reasonable fact finder could rationally find them unworthy of credence." Brewer v. Quaker State Oil Refining Corp. 72 F.3d 326, 331 (3rd Cir. 1995). Moreover, no one piece of evidence standing alone need suffice; the fact finder must view the evidence as a whole. Woodson v. Scott Paper Co., 109 F.3d 913, 924 (3rd Cir. 1997). In the instant case, Defendant's proffered reasons have many holes. The inconsistencies, contradictions, and incoherences show Defendant's attempts to cover for age discrimination.

In Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000), the United States Supreme Court summarized the different roles of a judge and jury. Specifically the Court wrote:

> "In doing so, however, the court must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the non-movant as well as the evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses."

Defendant spent two days deposing Mr. Wojewodzki. They brought up each and every piece of minutia they could muster. Yet, each time, Mr. Wojewodzki gave a plausible

4

explanation for each of the questions (Id. at 60, 76, 81-2, 88, 122, 128-135, 146). Moreover, when Mr. Wojewodzki discussed his demotion with Mr. Ferguson (one of the decision makers), Mr. Ferguson told him that he lacked leadership skills in the new age to help the company move forward (Id. at 154-5). This statement is clearly a buzzword for age discrimination.

There are glaring contradictions and inconsistencies regarding management's actions towards Mr. Wojewodzki. While removing him from his duties in August 1999, Defendant gave Mr. Wojewodzki a favorable performance in April 1999 despite alleged years of poor performance (Id.). Further, merit raises are discretionary with supervisors (Rice dep. p. 39). Despite alleged poor performance, Mr. Rice ordered a three percent merit increase for Mr. Wojewodzki in April 1999 (Wojewodzki dep. p. 155-156).

Defendant never warned Mr. Wojewodzki that his job was in jeopardy (Id. at 267). In fact, in June 1999, Mr. Ferguson sent Mr. Wojewodzki an e-mail indicating that his performance was improving (Id. at 169). When Mr. Rice told Mr. Wojewodzki he was being transferred, he told Mr. Wojewodzki that he hated to lose him because he was a good worker but he was just following orders (Id. at 35-36). In fact, Mr. Rice testified that he believed at the time that he was transferring Mr. Wojewodzki to have the top position at the Philadelphia terminal (Rice dep. p. 10). This is extremely unusual behavior for someone supposedly disenchanted with Mr. Wojewodzki's work.

Mr. Ferguson's behavior seems even more inconsistent. Mr. Ferguson relieved Mr. Wojewodzki of his duties as Assistant Terminal Manager at Carlisle. Yet, Mr. Ferguson considered making Mr. Wojewodzki his Terminal Manager in Baltimore (Ferguson dep. p.

23). Why would someone consider promoting a person when he allegedly felt that person was performing poorly? Mr. Ferguson was specifically dissatisfied with Mr. Wojewodzki's performance in the line haul operations in Carlisle. Yet, on December 6, 1999, Mr. Ferguson sent Mr. Wojewodzki to York as a Freight Operations Manager in line haul (Wojewodzki dep. p. 30). A Freight Operations Manager runs the terminal when the Assistant Terminal Manager or Terminal Manager is absent. Freight Operations Managers supervise the flow of outbound operations, properly loading of trailers, handling dockmen, working with manpower and with production (Id. at 18-19). It is incongruent to place such an allegedly poor performer in another management position. Based on all of the above, a reasonable jury could find Defendant's proffered reasons implausible, inconsistent, and contradictory. Accordingly, Defendant's Motion for Summary Judgment should be denied.

    IV.    CONCLUSION

A triable issue of fact does exist as to the age of Mr. Wojewodzki's replacement. While Defendant alleges that Mr. Wojewodzki was a poor performer, there is significant evidence that shows that they really did not believe that. That evidence is especially strong when you look at the actions of the defendant in the four months leading up to the demotion

and when you look at the post-demotion actions of Defendant. As such, summary judgment should be denied and the case should proceed to trial.

          Respectfully submitted,

          MARKOWITZ & KREVSKY P.C.

By: _____
Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O. Box 392
York PA 17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072

CERTIFICATE OF SERVICE

AND NOW, TO WIT, this 14th of March, 2002, I, Lawrence S. Markowitz, Esquire, hereby certify that I have this date served a copy of the foregoing Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment or in the alternative Motion for Summary Judgment by depositing a copy of same in the United States Mail, postage prepaid at York, Pennsylvania, addressed to counsel of record as follows:

Vincent Candiello, Esquire
G. Scott Paterno
Morgan, Lewis & Bockius LLP
417 Walnut Street
Harrisburg PA 17101

Respectfully submitted,

MARKOWITZ & KREVSKY P.C.

By:_____
Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O.Box 392
York Pa 17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072