ORIGINAL

FILED
HARRISBURG, PA

MAR 1 5 2002

MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD C. WOJEWODZKI :
: No. 1:CV 01-285
v. : (Judge Rambo)
: Civil Action
CONSOLIDATED FREIGHTWAYS, INC. : Jury Trial Demanded

## PLAINTIFF'S ANSWER TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

And now, to wit, comes the Plaintiff, by his attorneys, and files the following Answer:

1. Admitted.

2. Admitted.

3. Admitted and denied. It is admitted that Mr. Ferguson so testified. However, Plaintiff questions Mr. Ferguson's credibility as he named no source of this alleged information.

4. Denied. Plaintiff questions Mr. Ferguson's credibility as they are unsubstantiated conclusory allegations.

5. Denied. Plaintiff questions Mr. Ferguson's credibility as they are unsubstantiated conclusory allegations.

6. Denied. Plaintiff questions Mr. Ferguson's credibility as they are unsubstantiated conclusory allegations.

7. Denied. Plaintiff questions Mr. Ferguson's credibility as they are unsubstantiated conclusory allegations.

8. Denied. Plaintiff questions Mr. Ferguson's credibility as they are unsubstantiated conclusory allegations.

9. Admitted.

10. Denied. To the contrary, alleged deficiencies were discussed.

11. Admitted.

12. Denied. This allegation is inadmissible hearsay.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied. Mr. Corson replaced Plaintiff (see affidavit of Plaintiff originally attached to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts filed in response to Defendant's First Motion for Summary Judgment.)

21. Denied. Mr. Corson replaced Plaintiff.

22. Admitted.

23. Admitted.

24. Denied. This statement is inadmissible hearsay.

25. Denied. This statement is inadmissible hearsay.

26. Denied. No such conversation occurred. (Wojewodzki deposition pages 344-346)

27. Admitted.

28. Denied. Mr. Rice never said anything to Plaintiff about these alleged problems (Id. at 156).

29. Denied. This statement is inadmissible hearsay.

30. Denied. This statement is inadmissible hearsay.

31. Denied. Plaintiff took all necessary steps that he was given permission to take. (Id. pages 128-36).

32. Denied. Plaintiff took all necessary steps that he was given permission to take (Id. pages 128-36).

33. Admitted.

34. Denied. Mr. Rice gave Plaintiff above average or met job criteria on his review (Id. at page 156).

35. Denied. Mr. Corson replaced Plaintiff.

36. Denied. Mr. Corson's job duties did change (see previously mentioned affidavit of Plaintiff).

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted and denied. Plaintiff objects to the subjective characterization of the turnover rate as high.

52. Admitted.

53. Denied. This is a major mischaracterization of Plaintiff's testimony at the cited pages.

54. Admitted.

55. Admitted.

56. Admitted. By way of further answer, the passage cited also shows some extenuating circumstances.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted. By way of further answer, Plaintiff questions Mr. Kot's credibility.

61. Admitted and denied. By way of further answer, it should be noted that this is merely one witness's perception and Plaintiff in no way agrees with this perception.

62. Denied. This passage is inadmissible hearsay.

63. Admitted.

64. Admitted and denied. Mr. Kot did not replace Plaintiff. The remainder of this paragraph is admitted.

65. Admitted. By way of further answer, Plaintiff followed company policy.

66. Denied. The statements found here are purely conclusory in nature.

67. Admitted and denied. It is admitted that the witness had that perception but denied that it is accurate.

68. Denied. Mr. Corson took over Plaintiff's duties. See previously filed affidavit of Plaintiff.

69.   Admitted and denied. The first sentence is admitted. The second sentence is denied as Mr. Corson took over Plaintiff's job.

Respectfully submitted,

MARKOWITZ & KREVSKY P.C.

By: _____
Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O. Box 392
York  PA  17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072

## CERTIFICATE OF SERVICE

AND NOW, TO WIT, this 14th of March, 2002, I, Lawrence S. Markowitz, Esquire, hereby certify that I have this date served a copy of the foregoing Plaintiff's Answer to Defendant's Statement of Undisputed Material Facts by depositing a copy of same in the United States Mail, postage prepaid at York, Pennsylvania, addressed to counsel of record as follows:

Vincent Candiello, Esquire
G. Scott Paterno
Morgan, Lewis & Bockius LLP
417 Walnut Street
Harrisburg PA 17101

        Respectfully submitted,

        MARKOWITZ & KREVSKY P.C.

        By:_____
        Lawrence S. Markowitz, Esquire
        Attorney for Plaintiff
        208 E. Market St., P.O.Box 392
        York Pa 17405-0392
        (717) 843-2876
        Supreme Ct. I.D. #41072