UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. WOJEWODZKI, | : | **CIVIL NO. 1:CV-01-0285** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| CONSOLIDATED FREIGHTWAYS, INC., | : | FILED HARRISBURG, PA |
| Defendant | : | APR 1 0 2002 |

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**REPORT AND RECOMMENDATION**

Richard C. Wojewodzki filed this civil action on February 14, 2001. The complaint states a cause of action under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* The plaintiff was born on January 15, 1943. He began to work for defendant Consolidated Freightways, Inc. in 1972. In 1987, he was appointed to the position of Assistant Terminal Manager. On August 27, 1999, he was removed by the defendant from the position of Assistant Terminal Manager and was placed in positions, successively, in Norristown, Pennsylvania, Philadelphia, and York, Pennsylvania. He claims that he was replaced in his job by substantially younger persons. He asserts that age was a motivating factor in the demotion.

A motion to dismiss the complaint or for summary judgment was denied by Order of July 18, 2001. Discovery has now been completed. The defendant has filed a motion for summary judgment. It has been fully briefed. Full discovery having been completed, it is established upon this summary judgment record that the evidence demonstrates the existence of a valid, job-performance related, basis for the removal of the plaintiff from the position of Carlisle Assistant Terminal Manager and that the responsible company official acted on that basis. The evidence submitted in opposition to the motion, along with inferences to be drawn from all of the evidence, does not establish that the valid, job performance related grounds for the removal were pretextual. Accordingly, it will be recommended that the motion for summary judgment filed by the defendant be granted.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material

fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson, supra*, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

As set forth in the Report and Recommendation of June 27, 2001 (Doc. 14), employment discrimination claims under the ADEA can be established by direct evidence that the employer's decision was motivated by age discrimination or by

AO 72A
(Rev.8/82)

indirect evidence that creates an inference of discrimination that gives rise to a burden-shifting process.

The parties have both argued this case as a pretext case to which the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972), applies. "This framework has three steps: (1) the plaintiff bears the burden of establishing a *prima facie* case of discrimination; (2) the burden then shifts to the defendant, who must offer a legitimate non-discriminatory reason for the action; and (3) if the defendant satisfies this burden, the plaintiff must then come forth with evidence indicating that the defendant's proffered reason is merely a pretext." *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 619 (3d Cir. 1996).

There is no rigid formulation of a *prima facie* case under *McDonnell Douglas* and the requirements may vary with different factual situations. *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 938 (3d Cir. 1997). Basically, a *prima facie* case is comprised of the following four elements: (1) the plaintiff belongs to the protected class (was at least 40 years old); (2) the plaintiff was qualified for the position; (3) the plaintiff despite his qualifications was

subjected to an adverse employment action; and (4) after the rejection or firing, the employer sought applicants with the plaintiff's qualifications. Id. at 939. As an alternative to the fourth element, a plaintiff can show that the position was filled with a person not belonging to the protected category (here, a substantially younger person). *Id.*; *Olson v. General Elec. Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has stated that in order to establish a *prima facie* case under the ADEA, a plaintiff must establish that he: (1) was over the age of 40; (2) was qualified for the position in question; (3) suffered an adverse employment decision; and (4) was replaced by a person sufficiently younger to permit an inference of age discrimination. *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 330 (3d Cir. 1995). The fourth element of a *prima facie* case under the ADEA has been stated to be that the plaintiff was replaced by a person sufficiently younger to permit an inference of age discrimination. *See, e.g., Narin v. Lower Merion School Dist.*, 206 F.3d 323, 331 (3d Cir. 2000). In another context, however, the Third Circuit has explicitly held that consideration of the plaintiff's replacement is not a necessary element of a *prima facie*

5

employment discrimination case. *See Pivirotto, supra*, 191 F.3d at 354 (Title VII gender discrimination plaintiff need not establish that she was replaced by another woman). In *Grabosky v. Tammac Corp.*, 127 F.Supp.2d 610, 619 (M.D.Pa. 2000), Chief Judge Vanaskie stated that a plaintiff does not necessarily need to show that he or she was replaced by a younger person as part of a *prima facie* age discrimination case. In *Grabosky*, Chief Judge Vanaskie stated that the fourth element of a *prima facie* ADEA case may be satisfied by showing that the plaintiff's position remained vacant or was filled by another person. In that case, Chief Judge Vanaskie held that the plaintiff, who was 45 years old at the time of his discharge, established a *prima facie* case under the ADEA even though his alleged replacement was 55 years old.

The defendant argues that the plaintiff can not establish a *prima facie* case of age discrimination. As discussed below, we do not agree with this argument. The defendant also argues that it had legitimate non-discriminatory reasons for the plaintiff's discharge. As discussed below, we agree with that argument.

AO 72A
(Rev.8/82)

The plaintiff claims that his demotion by his employer Consolidated Freightways from his former position of Assistant Terminal Manager at the Carlisle terminal to a lesser position at the company's York terminal was a decision made on the basis of his age in violation of the Age Discrimination in Employment Act.

The undisputed material facts in part are as follows. Peter Ferguson was CF's Mid-Atlantic division manager during the time period leading up to the plaintiff's demotion. He is 56 years old. He formed the opinion in his supervisory role that the plaintiff was hard for his employees to approach, did not counsel his employees or constructively criticize them and suggest improvements, was not a team builder, and was responsible for an attrition problem in the workforce under the plaintiff's supervision. Ferguson decided to replace the plaintiff because the plaintiff was "making little or no progress in several of the areas [CF] had asked him to specifically work on enhancing." The issues that Ferguson identified were "the recruiting and training of supervisors to fill some openings," "attrition," and that the plaintiff in Ferguson's view "lacked a lot of leadership skills" necessary for "a position that critical." Ferguson believed that the

7

plaintiff's failure to maintain a full compliment of supervisors and his failure to post and maintain schedules led to an attrition of employees.

Ferguson told Wojewodzki of the deficiencies that he saw in his performance before he demoted Wojewodzki, and told him that he felt that leadership skills were lacking.  Jeff Rice, Group Operations Manager at the Carlisle Terminal, who reported directly to Ferguson, agreed with Ferguson that improvements would not occur under Mr. Wojewodzki's leadership. Ferguson decided to move Wojewodzki out of his position, in the summer of 1999.  Wojewodzki was assigned to the York Terminal in December of 1999.  His job title was changed, and his salary was reduced.

The plaintiff was 56 years old at the time of his reassignment.  The defendant contends that the individual who replaced the plaintiff in his position at the Carlisle Terminal was James Kot, 50 years old.  The plaintiff contends that he was replaced by Mr. Corsun, 30 years old.  The record would support an inference that these two shared the former duties of the plaintiff.  For purposes of this motion, the evidence of

shared duties and younger replacements means that there is a genuine dispute as to this issue.

The parties dispute whether it was Mr. Kot, Mr. Corsun, or a combination of both that replaced Wojewodzki in his position at the Carlisle Terminal. There is not a basis for concluding that it is not in dispute that the plaintiff was replaced by another person in his job who was not substantially younger, as the moving party, the defendant, contends. This motion therefore will be addressed and should be decided on the basis of the initial determination that there is not an absence of evidence to support an inference that the plaintiff, as he asserts, was replaced in his Assistant Terminal Manager duties by a substantially younger person or by a combination of services provided by substantially younger persons. For purposes of this motion, then, the analysis should go forward on the basis of an assumption that the plaintiff can satisfy the burden of establishing a *prima facie* case of age discrimination.

The defendant has articulated non-discriminatory reasons for the plaintiff's discharge.

Once the defendant meets its relatively light burden by articulating a legitimate reason for the non-promotion, the burden of production rebounds to the plaintiff and to defeat summary judgment the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). To avoid summary judgment, "the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a fact finder reasonably to infer that *each* of the employer's proffered non-discriminatory reasons was either a *post hoc* fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)." *Id.* (citations omitted). "To discredit the employer's proffered reason, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether a discriminatory animus motivated the employer, not whether the employer is 'wise, shrewd, prudent, or competent.'" *Brewer v. Quaker State Oil Refining Corp.*, supra, 72 F.3d at 331. Rather, the plaintiff must demonstrate "such weaknesses,

implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reasons that a reasonable fact finder could rationally find the proffered reasons unworthy of credence and infer that the employer did not act for those asserted reasons. *Fuentes, supra*, 32 F.3d at 765.

Undisputed as well are the following facts. The immediate supervisor of Wojewodzki at the Carlisle Terminal was Jeff Rice. Rice began his duties as Group Operations Manager for the Carlisle Terminal in December of 1998. Ferguson had instructed Rice to "try to get line haul together because it's not running well" and to "determine whether [Wojewodzki] was the right person for the job of directing Carlisle line haul."[1] Rice believed that the plaintiff's efforts were inadequate to

---

[1] The plaintiff asserts that some of the defendant's proffered LR 56.1 "undisputed" evidence is inadmissible hearsay. To the extent that the material inference concerns the state of mind of the witness, where the issue is whether the witness had that state of mind, statements made out of court by third persons to the witness being proffered to show the basis for the formulation of the state of mind and thereby tending to make it more likely that the witness had the relevant state of mind, are not hearsay. Rule 801(c), Federal Rules of Evidence. Here, the material issue is agreed to be whether the state of mind of the decision maker concerned job performance or concerned, rather, age. The statements made to the decision maker by others, offered not to show the truth of the things stated but to establish that the decision maker was told these things, where the issue involves the state of mind of the decision maker, are not hearsay.

11

staff the line haul department's needs, that the plaintiff had difficulty communicating, that the plaintiff was quick-tempered, and that the plaintiff failed to implement a penalty pay reduction plan given to the plaintiff by Rice.

The defendant argues that it is entitled to summary judgment because the plaintiff can not establish that the reasons given by the defendant for the reassignment and pay reduction of the plaintiff are pretextual. The plaintiff asserts that the summary judgment record reveals such weaknesses, implausibilities, inconsistencies, incoherences or contradictions in the proffered reasons for the plaintiff's removal from his Carlisle Terminal job that a reasonable fact finder could find them unworthy of credence. The plaintiff in his brief does not point to such weaknesses, however, and a review of the undisputed facts does not reveal such weaknesses.

The plaintiff in opposing the summary judgment motion asserts a general credibility objection to Mr. Ferguson's observations and opinions. The statements of Mr. Ferguson, cited from his depositions and relied upon in support of the defendant's motion for summary judgment, are referred to in the Plaintiff' Answer to Defendant's Statement of Undisputed

12

Material Facts (Doc. 28) as unsubstantiated conclusory allegations. Where the central material issue is the reason(s) for the employer's decision, and where the employer (through its responsible official) has stated what the reasons were, the statement of reasons is admissible and is to be afforded evidentiary significance. Of course, the relevant analysis requires a determination whether the reasons are pretextual, and that is at the core of the summary judgment analysis. The employer's statement of reasons is subject to rejection by the fact finder as not credible, but the possibility of an adverse credibility finding does not of itself equate to evidence demonstrating a question of fact in dispute for Rule 56 purposes.

The plaintiff asserts that there is summary judgment evidence that supports the inference that the reasons for his transfer from his Assistant Terminal Manager position are not worthy of credence.

He argues that the statement by Mr. Ferguson that the plaintiff lacked leadership skills in the new age to help the company move forward is "a buzzword for age discrimination." There is not a basis in the evidence or in these words

themselves to reliably say that this may be so. It is not necessarily age discrimination for an employer to take notice of changing circumstances in the relevant marketplace or to expect an employee to do so. This phrasing by Mr. Ferguson is not amenable to supporting any material inference for purposes of this motion. The statement can not be given potential evidentiary significance.

He argues that an inference of age discrimination can be drawn from the fact that he got no notice that his job was in jeopardy, that Mr. Ferguson had told him that his performance was improving, that Mr. Rice considered him to be a good worker when he transferred him to Philadelphia, that Mr. Ferguson had considered making him a Terminal Manager in Baltimore and that Mr. Ferguson moved him from a line haul responsibility in Carlisle to a job in York in line haul as a Freight Operations Manager. These factors do not support any inference about the reason for the plaintiff's removal from his job, and they do not support an inference that the reasons stated by the employer involving job performance were pretextual. The plaintiff's brief does not explain how inferences of age discrimination are implied by these facts. A mere speculative suggestion that such an inference could be

AO 72A
(Rev.8/82)

drawn is too insubstantial to warrant denying summary judgment, as it would be too insubstantial to justify a jury verdict as against a challenge to such verdict on the grounds of inadequate evidence to support it.

It is recommended that the motion of the defendant for summary judgment be granted for the reason that there is an absence of a genuine factual dispute as to whether the defendant's reasons for removing the plaintiff from the position at issue were pretextual, and because under the undisputed facts the defendant is entitled to a judgment as a matter of law.

_____
J. Andrew Smyser
Magistrate Judge

Dated:    April __10__, 2002.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C. WOJEWODZKI, : | CIVIL NO. 1:CV-01-0285 |
| Plaintiff : | |
| : | (Judge Rambo) |
| v. : | |
| : | (Magistrate Judge Smyser) |
| CONSOLIDATED FREIGHTWAYS, : | **FILED** |
| INC., : | HARRISBURG, PA |
| : | APR 1 0 2002 |
| Defendant : | |
| | MARY E. D'ANDREA, CLERK |
| | Per _____ |
| | Deputy Clerk |

### NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: April __10__, 2002.