ORIGINAL

FILED
HARRISBURG, PA

APR 2 2 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD C. WOJEWODZKI  :
: No. 1:CV 01-285
v.  : (Judge Rambo)
: Civil Action
CONSOLIDATED FREIGHTWAYS, INC.  : Jury Trial Demanded

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

I. THE MAGISTRATE MISAPPLIED THE HEARSAY STANDARD AT PAGE 11 OF HIS REPORT AND RECOMMENDATION

In rendering his decision, the Magistrate allowed testimony from Mr. Rice (a non decision-maker) that Mr. Ferguson (the decision-maker) told him to "try to get line haul together because it's not running well" and to "determine whether [Wojewodzki] was the right person for the job of directing Carlisle line haul." Plaintiff objected that these statements were inadmissible hearsay but the Magistrate held otherwise.

The Magistrate held that "statements made to the decision maker by others, offered not to show the truth of things stated but to establish that the decision maker was told these things, where the issue invokes the state of mind of the decision maker, are not hearsay." The Magistrate got it backwards. Under his stated rule, anything Mr. Rice told Mr. Ferguson (the decision maker) would meet the state of mind exception. However, the statements made by Mr. Ferguson to Mr. Rice (a subordinate) are pure hearsay. To follow

the Magistrate's logic would allow decision makers to bullet proof themselves from liability simply by making self-serving statements to their subordinates who would then spew back those same words. Obviously, this situation violates evidentiary principles.

II. THE MAGISTRATE INVADED THE JURY'S PROVINCE BY DETERMINING THAT CERTAIN PHRASES COULD NOT BE BUZZWORDS FOR AGE DISCRIMINATION

Mr. Ferguson made a comment to Mr. Wojewodzki that he "lacked leadership skills in the new age to help the company move forward. Mr. Wojewodzki argued that these were buzzwords for age discrimination. The Magistrate thought the words were not necessarily buzzwords for age discrimination and therefore had no "potential evidentiary significance."

The Magistrate is correct that some people might find these words innocuous and having nothing to do with age discrimination. What he forgets is that reasonable minds could differ on the interpretation. Another person could view these words as suggesting that the company was moving forward with a younger, more dynamic generation. That would be susceptible of being considered age discrimination.

In Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000), the United States Supreme Court summarized the different roles of a judge and jury. Specifically the Court wrote:

> "In doing so, however, the court must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the non-movant as well as the evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses."

The Magistrate fell into the Reeves trap. He drew inferences that were for a jury to decide not him. As such, this testimony must be considered by the Court.

### III. THE MAGISTRATE INVADED THE JURY'S PROVINCE WHEN HE DETERMINED THAT NONE OF PLAINTIFF'S EVIDENCE HAD ANY INFERENTIAL VALUE.

There are glaring contradictions and inconsistencies regarding management's actions towards Mr. Wojewodzki. While removing him from his duties in August 1999, Defendant gave Mr. Wojewodzki a favorable performance in April 1999 despite alleged years of poor performance (Id.). Further, merit raises are discretionary with supervisors (Rice dep. p. 39). Despite alleged poor performance, Mr. Rice ordered a three percent merit increase for Mr. Wojewodzki in April 1999 (Wojewodzki dep. p. 155-156).

Defendant never warned Mr. Wojewodzki that his job was in jeopardy (Id. at 267). In fact, in June 1999, Mr. Ferguson sent Mr. Wojewodzki an e-mail indicating that his performance was improving (Id. at 169). When Mr. Rice told Mr. Wojewodzki he was being transferred, he told Mr. Wojewodzki that he hated to lose him because he was a good worker but he was just following orders (Id. at 35-36). In fact, Mr. Rice testified that he believed at the time that he was transferring Mr. Wojewodzki to have the top position at the Philadelphia terminal (Rice dep. p. 10). This is extremely unusual behavior for someone supposedly disenchanted with Mr. Wojewodzki's work.

Mr. Ferguson's behavior seems even more inconsistent. Mr. Ferguson relieved Mr. Wojewodzki of his duties as Assistant Terminal Manager at Carlisle. Yet, Mr. Ferguson considered making Mr. Wojewodzki his Terminal Manager in Baltimore (Ferguson dep. p. 23). Why would someone consider promoting a person when he allegedly felt that person

was performing poorly? Mr. Ferguson was specifically dissatisfied with Mr. Wojewodzki's performance in the line haul operations in Carlisle. Yet, on December 6, 1999, Mr. Ferguson sent Mr. Wojewodzki to York as a Freight Operations Manager in line haul (Wojewodzki dep. p. 30). A Freight Operations Manager runs the terminal when the Assistant Terminal Manager or Terminal Manager is absent. Freight Operations Managers supervise the flow of outbound operations, properly loading of trailers, handling dockmen, working with manpower and with production (Id. at 18-19). It is incongruent to place such an allegedly poor performer in another management position. This is just another instance of the Magistrate's violating the <u>Reeves</u> principles. <u>Reeves</u> teaches that weighing evidence and drawing inferences is for the jury, not the judge. Unfortunately, the Magistrate seems intent on substituting his own feelings about the case for those of a jury of Mr. Wojewodzki's peers. As such, Mr. Wojewodzki requests that the Court ignore the Magistrate's Report and Recommendation, deny summary judgment, and continue with trial as planned.

Respectfully submitted,

MARKOWITZ & KREVSKY P.C.

By: _____
Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O. Box 392
York PA 17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072

## CERTIFICATE OF SERVICE

AND NOW, TO WIT, this 18th of April, 2002, I, Lawrence S. Markowitz, Esquire, hereby certify that I have this date served a copy of the foregoing Plaintiff's Brief in Support of his Objections to the Magistrate's Report and Recommendation by depositing a copy of same in the United States Mail, postage prepaid at York, Pennsylvania, addressed to counsel of record as follows:

Vincent Candiello, Esquire
G. Scott Paterno
Morgan, Lewis & Bockius LLP
417 Walnut Street
Harrisburg PA 17101

The Honorable Andrew Smyser
U.S. Magistrate
Federal Building
Harrisburg PA 17108

Respectfully submitted,

MARKOWITZ & KREVSKY P.C.

By:_____
Lawrence S. Markowitz, Esquire
Attorney for Plaintiff
208 E. Market St., P.O.Box 392
York Pa 17405-0392
(717) 843-2876
Supreme Ct. I.D. #41072