IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RICHARD C. WOJEWODZKI,** : CIVIL NO. 1:CV-01-0285

    **Plaintiff** :

v. :

**CONSOLIDATED FREIGHTWAYS, INC.,** :

    **Defendant** :



FILED
JUL 1 1 2002
PER _____
HARRISBURG, PA  DEPUTY CLERK

## MEMORANDUM AND ORDER

    Before the court is a report of the magistrate judge in which he recommends that Defendant's motion for summary judgment be granted. Plaintiff has filed objections to the report and recommendation to which Defendant has responded.

    The facts of this case are sufficiently set forth in the report and recommendation. Briefly, however, Plaintiff was an assistant terminal manager for Defendant at its Carlisle terminal. Ultimately, Plaintiff was demoted to lesser positions in Norristown, Philadelphia, and finally York, Pennsylvania. At the time of his demotion, Plaintiff was 56 years old. Plaintiff brings the instant action alleging age discrimination.

    There is a dispute as to whether a Mr. Kot (50 years old), or a Mr. Corsun (30 years old), or a combination of the two, replaced Plaintiff in his position at the Carlisle terminal. The magistrate judge found sufficient evidence to support an inference that Plaintiff was replaced in his duties by a substantially younger person or by a combination of services provided by substantially younger persons

and based on this analysis the Plaintiff can satisfy the burden of establishing a *prima facie* case of age discrimination. No objection was filed as to this finding.

Plaintiff raises three objections to the report and recommendation of the magistrate judge. He objects to (1) the finding of the magistrate judge that certain statements by Rice as to what Ferguson's instructions were to him were not hearsay; (2) the finding of the magistrate judge that Ferguson's statement that Plaintiff "lacked leadership skills in the new age to help the company move forward" was not evidence of age discrimination; and (3) the magistrate judge's conclusion that the facts did not support an inference of age discrimination when facts show Plaintiff was considered for promotion, had no disciplinary actions, was told he was a good worker, and his work was improving.

This court adopts the standards for addressing a motion for summary judgment and the standard in addressing a pretext case in a discrimination claim as set forth in the report and recommendation.

As to the hearsay issue, Federal Rule of Evidence 803(3) provides that evidence designed to show state of mind of another is admissible as an exception to the hearsay rule provided mental state is a relevant issue. Plaintiff's objections to the magistrate judge's recommendation has no basis.

On the issues of the buzz word – "new age" – and the explanations given by Defendant for its use of the language which praised Plaintiff's performance, pay increases, claimed Plaintiff was a good worker, and promised that he could be transferred to top positions at other terminals – may be deemed by a jury to be of inconsistent behavior on the part of Defendant, considering the demotion of Plaintiff.

2

The explanation of these apparent contradictory actions by Defendant come from an interested source. The facts in this case require a weighing of the evidence and determinations of credibility which must be decided by the jury. Accordingly, **IT IS HEREBY ORDERED THAT**:

    1) The report and recommendation of Magistrate Judge Smyser is adopted in part and rejected in part:

        a) The magistrate judge's recommendation as to the hearsay objection is adopted; and

        b) on all other issues, the recommendations of the magistrate judge are rejected.

    2) Defendant's motion for summary judgment is denied.

    3) This case remains on the August 2002 trial list of this court.

SYLVIA H. RAMBO
United States District Judge

Dated: July  //  , 2002.